**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       No. CR 11-2516 WJ

ARMANDO LUGO MADRID,

        Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING
DEFENDANT'S MOTION TO MODIFY SENTENCE
PURSUANT TO 18 U.S.C § 3582(c)(2)**

THIS MATTER comes before the Court upon Defendant Armando Lugo Madrid's

Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (**Doc. 42**), filed May 5, 2015.

Having considered the parties' written arguments and the applicable law, the Court finds that

Defendant's motion is not well-taken and is therefore **DISMISSED** for lack of jurisdiction.

BACKGROUND

Pursuant to an 11(c)(1)(C) plea agreement, Defendant Armando Lugo Madrid ("Mr.

Madrid") pled guilty to possession with intent to distribute 50 grams or more of a mixture

containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1),

b(1)(B), and aiding and abetting in violation of 18 U.S.C. § 2. The parties agreed that Mr.

Madrid should be held responsible for 117 net grams of a methamphetamine mixture, resulting in

a base offense level of 26. Because of Mr. Madrid's two prior felony drug convictions, the Court

found that Defendant was a "career offender" and therefore faced a longer sentence. Mr.

Madrid's adjusted offense level was increased to 34 due to his career offender status, and

subsequently reduced three levels for acceptance of responsibility, resulting in a total offense

level of 31. Additionally, due to his career offender status, Mr. Madrid's criminal history

category was increased from Category V to Category VI, regardless of the criminal history

points applicable in his case. A total offense level of 31 combined with Criminal History

Category VI results in an advisory Guideline range of 188 to 235 months imprisonment. The plea

agreement entered into by Mr. Madrid stipulated that the appropriate sentence in this case was

144 months. On July 31, 2012, Mr. Madrid was sentenced to a term of 144 months imprisonment

and 4 years Supervised Release.

**DISCUSSION**

Mr. Madrid argues that a sentence imposed pursuant to an 11(c)(1)(C) plea agreement

can be subsequently lowered by an amendment to the United States Sentencing Guidelines when

the agreement specifies a Guideline range or makes clear that the sentence is based on a

Guideline range. Mr. Madrid argues that had Amendment 782 been in effect at the time of plea

agreement, the base offense level for 117 grams of methamphetamine would have been 24,

indicating a Guideline range of 100 to 125 months incarceration. Amendment 782 downwardly

adjusted the Sentencing Commission's Drug Quantity Table by two levels for most federal drug

trafficking crimes. Mr. Madrid therefore requests that the Court impose a sentence that reflects

the amended Guideline range and modifies Mr. Madrid's sentence to a term of 100 months

imprisonment.

The United States argues that Amendment 782 has no impact on the Guidelines

calculations for career offenders such as Mr. Madrid, and as such, a lowering of the Guideline

2

calculations based on the Drug Quantity Table is irrelevant to his advisory sentencing range. While there is an exception for career offenders whose drug Guideline was higher than a career offender Guideline of 37, this is not applicable. All circuits have addressed the career offender scenario and found that relief with regard to retroactive amendment to the drug Guidelines is unavailable. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).

The United States additionally argues that eligibility for a sentencing reduction under an amended Guidelines range occurs only when the plea agreement is tied or linked to the recommended Guidelines sentence in express terms. *See United States v. Freeman*, 131 S. Ct. 2685, 2695 (2011) (Sotomayor, J., concurring) (determining that a defendant is eligible for a sentence reduction if the Rule 11(c)(1)(C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment). Thus, the test for whether a stipulated sentence was "based on" the Guidelines is based upon the express use of the Guidelines in the plea agreement, not whether the stipulated term was within the advisory sentencing range or even outside the advisory sentencing range. The United States argues that Mr. Madrid's stipulated sentence of 144 months was not expressly based on the Guidelines. Therefore, Amendment 782 does not affect the stipulated range or the sentence imposed. The United States concludes that Mr. Madrid is not statutorily eligible to be considered for a reduced sentence, and therefore, while the § 3533(a) factors raised in his motion may be meritorious, they are not on the table for the Court's consideration. Even if Mr. Madrid was statutorily eligible despite his career offender status, it is clear that his plea agreement was not expressly based on the Guidelines.

In his Reply, Mr. Madrid argues that the United States concedes that "[a]though Defendant's stipulated sentence may have been a product of considering both sentencing ranges,

it was the career offender *status* that created the outside range." Thus, the stipulated sentence

was in fact based on a Guidelines range that has been subsequently lowered by the United States

Sentencing Commission.

The Court agrees with the United States that Mr. Madrid's advisory Guideline range was

a product of his career offender status, and his jump from a sentencing range of 84 to 105 months

to a sentencing range of 188 to 235 months was as a result of his career offender status alone and

not related to the quantity or purity of the methamphetamine involved. As Mr. Madrid's sentence

was a product of his career offender status and not a product of the quantity of drugs possessed,

he is statutorily ineligible for consideration for a reduced sentence under § 3582(c)(2).

The Court additionally finds that the parties' stipulated sentence to a term of 144 months

was not expressly based on a Guideline range. There is no express indication in the plea

agreement that the stipulated term of imprisonment was expressly based on the Guidelines, or

that it used the applicable Guideline range. The plea agreement in this case stipulated that: "The

defendant and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. §

6B1.2(c), that the appropriate sentence in this case is twelve (12) years." (**Doc. 29**, at 4).  Mr.

Madrid points out that the United States argues that Defendant's stipulated sentence may have

been a product of considering both the Drug Quantity sentencing range and the career offender

sentencing range, and concludes that the stipulated sentenced therefore was in fact based on a

Guidelines range that has been subsequently lowered by the United States Sentencing

Commission. However, as *Freeman* makes clear, the stipulated term of imprisonment in the plea

agreement must expressly indicate that it was based on the Guidelines or that it used the

applicable Guideline range. While the United States may later in briefing opine that the

stipulated sentence may have represented a general middle ground between the pre-career

offender Guideline range and post-career offender Guideline range, there is nothing in the

stipulated term of imprisonment to indicate that it specifies a Guideline range or makes clear that

the sentence is based on a Guideline range. Thus, the Court additionally finds that Mr. Madrid's

stipulated sentence of 144 months was not expressly based on the Guidelines, and thus, he is

statutorily ineligible for further consideration under § 3582(c)(2).

      Accordingly, for the reasons herein stated, the Court finds that Defendant's Motion to

Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is not well-taken and is therefore

**DISMISSED** for lack of jurisdiction.


      **SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE