IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 11-CR-2516-WJ

ARMANDO LUGO MADRID,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)

**THIS MATTER** comes before the Court on Defendant's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 48, filed November 6, 2018]. The Court, having considered the parties' briefs and applicable law, finds that Defendant's Motion is not well-taken and is **DENIED**.

## BACKGROUND

Pursuant to an 11(c)(1)(C) plea agreement, Defendant Armando Lugo Madrid pled guilty to possession with intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), b(1)(B), and aiding and abetting in violation of 18 U.S.C. § 2. The parties agreed that Defendant should be held responsible for 117 net grams of a methamphetamine mixture, resulting in a base offense level of 26. Because of Defendant's two prior felony drug convictions, the Court found that Defendant was a "career offender" and therefore faced a longer sentence. Defendant's adjusted offense level was increased to 34 due to his career offender status, and subsequently reduced three levels for acceptance of responsibility, resulting in a total offense level of 31. Additionally, due to his career offender status, Defendant's criminal history category was increased from Category V to Category VI,

regardless of the criminal history points applicable in his case. A total offense level of 31 combined with Criminal History Category VI results in an advisory Guideline range of 188 to 235 months imprisonment. The plea agreement entered into by Defendant stipulated that the appropriate sentence in that case was 144 months. On July 31, 2012, Defendant was sentenced to a term of 144 months imprisonment and 4 years Supervised Release.

In the wake of Amendment 782 of the United States Sentencing Guidelines, the defendant, on July 12, 2015, filed a motion requesting that the Court reduce his sentence to 100-months' imprisonment. [Doc. 42, filed May 5, 2015]. The Court denied the motion reasoning that Defendant's advisory Guideline range was a product of his career offender status, and his jump from a sentencing range of 84 to 105 months to a sentencing range of 188 to 235 months was because of his career offender status alone and not related to the quantity or purity of the methamphetamine involved, and that his sentence was not the product of the quantity of drugs possessed, and finding that he was statutorily ineligible for consideration for a reduced sentence under § 3582(c)(2). [Doc. 45, filed August 9, 2018]. The Court, relying on *Freeman v. United States*, 564 U.S. 522 (2011), *holding modified by Hughes v. United States*, 138 S. Ct. 1765 (2018), also found that the parties' stipulated sentence to a term of 144 months was not expressly based on a Guideline range and as a result denied a sentence reduction. [Id.].

Defendant now renews his motion to have his sentence reduced in light of the Supreme Court's decision in *Hughes*, or as an alternative, based on 18 U.S.C. § 3553(a).

## DISCUSSION

I.    **Sentence Reduction in Light of *Hughes***

In *Hughes*, the Supreme Court held that a defendant is not categorically ineligible for Section 3582(c)(2) relief merely because he entered into a plea agreement pursuant to Federal Rule

of Criminal Procedure 11(c)(1)(C). Under *Hughes* a defendant who was sentenced under an 11(c)(1)(C) agreement may seek a sentence correction if his sentence was "based on" a sentencing guideline range that was subsequently reduced by the Sentencing Commission. 138 S.Ct. at 1775. A sentence will be "based on" a guidelines range "if the range was a basis for the court's exercise of discretion in imposing a sentence," in that it was a foundation or starting point for the district court's sentencing calculation. *Id.*

Here, nothing has changed in light of *Hughes*. The Court based its sentencing on Defendant's career-offender status. As a result, he remains ineligible for a sentence reduction under Section 3582(c)(2) because Amendment 782 and *Hughes* had no effect on the career-offender guideline and therefore did not lower the resulting guideline range. *See United States v. Wallace*, 742 Fed.Appx. 354, 358 (2018) (holding that Amendment 782 and *Hughes* did not affect sentencing if Court relied on sentencing range based on a Defendant's career-offender status).

## II. Sentence Reduction Pursuant to 18 U.S.C. § 3553(a) Factors

Defendant further argues that based on his alleged rehabilitation in prison a sentence reduction is warranted pursuant to 18 U.S.C. § 3553(a) factors.

Section 3582(c)(2) provides that a:

> court may not modify a term of imprisonment once it has been imposed except that ... [,] in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"By the terms of the statute, then, the court only has authority to modify a sentence when the range has been lowered 'by the Sentencing Commission pursuant to 28 U.S.C. [§ ] 994(o).'" *United States v. Price*, 438 F.3d 1005, 1006 (10th Cir. 2006), *as amended* (Mar. 15, 2006).

The Tenth Circuit has explained that "'[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir.2005) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir.1996)). "Section 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." *Price*, 435 F.3d at 1007. The 3553(a) factors do not provide a basis for a sentence reduction under Section 3582(c)(2). *Id.* Therefore, the Court declines to reduce Defendant's sentence based on the 3553(a) factors.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), [Doc. 48, filed November 6, 2018], is hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE